Wildlife Department — Legal Advice Under the provisions of Oklahoma Constitution, ArticleXXVI, Section 3 and 29 O.S. 108 [29-108] (1961), the Oklahoma Department of Wildlife Conservation does not have authority to employ its own attorney to perform legal services for the Department. The Attorney General has had under consideration your letter dated February 25, 1969, in which you inquire as follows: "Does the Oklahoma Department of Wildlife Conservation have the authority to hire a lawyer at the present time if approved by the Oklahoma Wildlife Commission?" Oklahoma Constitution, Article XXVI, Section 3 specifies the duties of the Wildlife Conservation Director and provides in pertinent part as follows: "The Director shall, with the approval of the Commission, appoint such assistants and employees as the Commission may deem necessary." Title 29 O.S. 108 [29-108] (1961), also specifies the duties of the Wildlife Conservation Director and part (b) thereof, referring to such Director, provides in pertinent part as follows: "He shall appoint and employ all assistants, department heads, game and fish rangers, clerical help and other employees necessary for the proper discharge of the duties of the State Game and Fish Commission subject to the approval of the Commission." Title 74 O.S. 18 [74-18] (1961), specifies that the Attorney General shall be the Chief Law Officer of the State and Section 18(c) provides in pertinent part as follows: "Subject to the exceptions hereinafter set out, no State Officer, Board or Commission, except the Corporation Commission, the Board of Managers of the State Insurance Fund, the Oklahoma Tax Commission, the Commissioners of the Land Office, and the State Highway Commission, shall have authority to employ or appoint attorneys to advise or represent said Officer, Board or Commission, in any matter, and all the legal duties of such Officer, Board or Commission shall devolve upon and are hereby vested in the Attorney General: . . . ." 7 Am. Jr. 2d, Attorney General Section 9, states as follows: "A question which has arisen frequently is that of the right of a state officer, board, commission, or other agency to appoint its own counsel, instead of calling upon or utilizing the services of the attorney general. If the statute creating the state office or body, or defining its functions and powers, expressly authorizes the appointment of special counsel, it has generally been held that it may make such appointment unless the express statutory provision violates a prohibition of the state constitution; . . . "In determining whether a statute confers implied authority upon a state commission or agency to appoint its own law officer in derogation of the prerogative of the attorney general to represent such state agency in the courts, the language of such statute must be considered in the light of the office of attorney general at common law and of the general understanding of the nature of the office and the public policy in regard thereto exhibited through the years . . . ." In Darling Apartment Co. v. Springer, 25 Del. Ch. 420,22 A.2d 7 (1941), the Supreme Court of Delaware held that a statute authorizing the Delaware Liquor Commission "to engage the services of experts and of persons engaged in the practice of a profession" did not confer power to appoint a law officer for the commission independent of the attorney general. The court, in the body of its opinion, stated: ". . . The Act does not mention `counsel,' `attorney,' `actions,' nor does the language suggest legal representation of any kind. . . The right of a mere administrative agency of the State to appoint its own law officer to conduct litigation in supersession of the Attorney General, and to charge the public with the incidental expense, must rest on a plain and unambiguous grant of authority." The Oklahoma Constitution and statutes which authorize the Wildlife Conservation Director to hire certain individuals do not suggest legal representation of any kind. And Section 18(c), supra, expressly provides that no State Officer, Board or Commission, except those specifically enumerated, shall have authority to employ or appoint attorneys to advise or represent said Officer, Board or Commission, in any matter, and all the legal duties of such Officer, Board or Commission shall devolve upon and are hereby vested in the Attorney General. It is, therefore, the opinion of the Attorney General that under the provisions of Oklahoma Constitution, Article XXVI, Section 3 and 29 O.S. 108 [29-108] (1961), the Oklahoma Department of Wildlife Conservation does not have authority to employ its own attorney to perform legal services for the Department. (Gary F. Glasgow)